JOHN DAVIS, executor, *vs.* JOSEPHINE M. CHASE & others.

Middlesex.    January 16, 1902. — March 1, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Devise and Legacy,* Construction.

A single woman, having no kin nearer than cousins, by her will left $100 to the trustees of the Lowell cemetery, the income to be used in keeping the cemetery lot in proper condition, and all the rest and residue of her property "to be converted into money as soon after my decease as may be deemed expedient and advisable by my executor, and to be expended in fitting up the burial lot owned by me in the Lowell Cemetery, and in erecting a suitable and proper monument thereon." The residue of the property amounted to $8,000. The will was dated twelve years before the death of the testatrix. *Held,* that the express requirement that all the residue be expended upon the lot and monument was not limited by the description of the monument as "suitable and proper." Moreover, if the testatrix, being a single woman otherwise undistinguished, wished to prolong the remembrance of the family name by a beautiful monument over her grave, the court could not say as matter of law that it was not suitable and proper.

BILL FOR INSTRUCTIONS, filed in the Probate Court for the County of Middlesex, April 13, 1899, by the executor under the will of Louisa M. Wells, late of Lowell.

In the Probate Court, *Lawton,* J. made the following decree: " That it was the intention of the testatrix, as expressed in said clause, that her executor should expend the whole of the residue of her estate remaining after the payment of her debts, funeral expenses, the charges of administration, and the payment of one hundred dollars for perpetual care of her burial lot, in fitting up the burial lot owned by the testatrix at the time of her decease in the Lowell Cemetery, and in the purchase and erection of a monument upon said lot in her memory, and said executor is instructed to act in accordance herewith." From this decree the respondents, all cousins of the testatrix, appealed.

The case was heard by *Barker,* J., who ordered that the decree of the Probate Court be affirmed, and reported the case for the determination of the full court, such decree to be entered as justice might require.

By the report the following facts appeared : Louisa M. Wells, the testatrix, was a single woman who died in 1886 and her

will was proved and allowed in that year. The will was dated May 18, 1874. It was as follows : " My will is that all my just debts and funeral charges be paid out of my estate as soon after my decease as may be found convenient.

" 2. All the rest residue and remainder of my estate, whether the same be real personal or mixed or of whatsoever name or nature the same may be, excepting the sum of one hundred dollars hereinafter bestowed, I give, devise and bequeath the same for the use and to the purpose following, viz. : the same to be converted into money as soon after my decease as may be deemed expedient and advisable by my executor, and to be expended in fitting up the burial lot owned by me in the Lowell Cemetery, and in erecting a suitable and proper monument thereon. I do give and bequeath the sum of one hundred dollars to the trustees of the Lowell Cemetery the same to be held by them and their successors in office, and the income thereof, or such part of the income of said sum as may be necessary, is to be used and expended in keeping my lot in said cemetery in proper condition.

" John Davis of Lowell appointed executor."

The property of the testatrix had been kept invested by the executor, and at the time of the hearing it amounted to about $8,000. The heirs at law contended, that the petitioner should be instructed to devote only a portion of the property in his hands as executor to fitting up the burial lot of the testatrix and erecting a monument thereon, and that the rest of the fund should be distributed among the heirs at law and next of kin.

*G. A. Brown*, for the appellants.

*G. F. Richardson*, for the appellee.

HOLMES, C. J. This is not like a case in the Roman law of a direction to bury, with an allowance of a certain sum for the purpose, where less was used. D. 31, 88, § 1. The testatrix gives " all " the residue of her estate " for the use and to the purpose following, viz. : the same [i. e. all the residue] to be converted into money . . . and to be expended in fitting up the burial lot owned by me in the Lowell Cemetery, and in erecting a suitable and proper monument thereon." The express requirement is that all the residue be spent for the purpose or rather the purposes mentioned, and this requirement is not cut down

by describing the intended monument as suitable and proper. The literal meaning of the words is confirmed by the fact that the testatrix evidently did not mean to die partially intestate. Very likely when she wrote her will she did not expect to leave so large a sum as she did, but that is a speculation. Furthermore, if a single woman not otherwise distinguished should be minded to prolong the remembrance of her family name by a beautiful monument over her grave, we could not pronounce it unsuitable or improper as matter of law. Cases like *Matter of Luckey*, 4 Redf. Surr. 95, as to what would be suitable in the absence of more special directions do not apply.

*Decree affirmed.*